# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| JOSEPH LONNIE BAKER, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 5:17-CV-00078-RWS |
| | § |
| v. | § |
| | § |
| LORRIE DAVIS, et al., | § |
| | § |
| Defendants. | § |
| | § |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Joseph Baker, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Motion for Injunctive Relief**

Plaintiff identifies as a practicing Muslim (Docket No. 3-2 at ¶ 2) and has filed a motion for a temporary restraining order and preliminary injunction contending that he is being forced to eat pork against his religious convictions, that he is not allowed to wear a beard or a Kufi cap, that he is being denied the right to order scented prayer oil and that he is being "forced into hostile situations with racial tension." Docket No. 2 at 3–4.[1] Plaintiff also complained he has insufficient storage space for his religious materials. *Id.* at 1.

Plaintiff's Complaint refers to an incident on December 24, 2015 during which he was

---

[1] All references to page numbers refer to the page numbers assigned in the CM/ECF header.

told the meal served was chicken but later discovered it was pork. Docket No. 1 at ¶ 20–24. He states he was not allowed to order prayer oil from an outside vendor but was told he had to buy "non-Islamic prayer oil" from the commissary. *Id.* at ¶ 25–27. He also claims to have been prohibited from forming a Qu'ranic study class but was denied because there were no outside volunteers even though Catholic and Protestant groups have classes without outside volunteers. *Id.* at ¶ 28–29. Plaintiff also complains black nationalism and gang activity is being infused into the Islamic services by black nationalists. *Id.* at ¶ 30–34. He received a disciplinary case on September 26, 2016, for having books and papers improperly stored. *Id.* at ¶ 45.

## II. The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending that the request for injunctive relief be denied. Docket No. 21. The Magistrate Judge stated that Plaintiff offered nothing to show a substantial likelihood of success on the merits of his claims, noting that TDCJ-CID has changed its policies to permit beard and Kufi caps. *Id. at* 3. The Magistrate Judge determined the fact Plaintiff was misinformed about the meal on one occasion does not give rise to a constitutional violation and Plaintiff offered only conclusory allegations to show his inability to obtain the prayer oil desired is a substantial burden upon the exercise of his religious faith. *Id*. Furthermore, the Magistrate Judge concluded Plaintiff failed to show the denial of an additional study class because of the lack of outside volunteers amounted to a constitutional violation, particularly in light of the fact Muslim inmates are afforded weekly services at which they may congregate and worship. *Id.*

While Plaintiff argued certain groups of prisoners sought to infiltrate Muslim services with racial propaganda, the Magistrate Judge stated a review of Plaintiff's grievances, filed with the Defendants' motion for summary judgment, did not show Plaintiff had filed any grievances raising this allegation; thus, the Magistrate Judge concluded Plaintiff did not show a substantial likelihood of relief on this claim because it is unexhausted. *Id.* Plaintiff also did not show the denial of

an extra storage box posed a substantial threat of irreparable injury if the requested injunctive relief was not granted. *Id.* at 4. Finally, the Magistrate Judge stated Plaintiff did not demonstrate his proposed injunction would not disserve the public interest because considerations of federalism weigh heavily against interference by federal courts in the day-to-day operations of a state agency and extraordinary circumstances are required to justify such interference. *Id.*

### III. Plaintiff's Objections

In his objections, Plaintiff complains that the policy changes relied on by the Magistrate Judge to find his beard and kufi cap complaints moot did not address all of Plaintiff's claims. Docket No. 23 at 1. Plaintiff contends he addressed the issue of the infiltration of the Muslim services with racial propaganda in Grievance No. 2016174701. *Id.* He states "the issue of racial or ideological conflict in Muslim services is an ongoing problem which has led to physical altercation and one individual being sent to the hospital from Muslim service, on 2/19/18." *Id.* at 1–2. Plaintiff asserts he has a right to possess his religious material just like legal material but faces a constant threat of losing it. *Id. at 2*. He complains there is no opportunity to educate other Muslims on the Qu'ran or to propagate the religion of Islam. *Id.*

### IV. Discussion

In order to obtain a preliminary injunction, the movant must establish (1) a substantial likelihood of success on the merits, (2) a substantial threat of injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion." *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

The equitable injunctive power of the federal court will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *Heath v. City of New Orleans*,

320 F.Supp. 545, 546 (E.D.La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award. *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981). Mere speculation of an irreparable injury is insufficient to satisfy this requirement. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *compare Jones v. Texas Department of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (finding that diabetic prisoner who was given a non-diabetic high-sugar diet, resulting in a blood sugar level significantly above normal as well as a heart attack, adequately alleged a substantial danger of irreparable injury).

Although Plaintiff complains not all of his claims were mooted by policy changes, the Magistrate Judge's Report recognizes that mootness only applies to Plaintiff's claims concerning his beard and Kufi cap, the subject of the policy changes. This objection is without merit.

Concerning his claim of infusion of racial and nationalistic materials into the Islamic services, Plaintiff claims he did exhaust his administrative remedies, which negates the Magistrate Judge's determination there is no likelihood of success on the claim. He states Grievance No. 2016174701 was not in the record as part of Defendants' motion for summary judgment.[2]

Regardless of whether Plaintiff did or did not exhaust his administrative remedies on this claim, he has not shown he is entitled to preliminary injunctive relief. He acknowledges that the injection of racial and nationalistic propaganda into religious services is already prohibited "from other services and from Islamic services on some other units in TDCJ-CID." The TDCJ-CID Chaplaincy Manual provides that messages given by Muslim coordinators "shall not be used to make political, inflammatory, or any other statements that may offend or incite the listeners."

The relief sought by Plaintiff with regard to this claim is for a court order requiring "an

---

[2] In this regard, Plaintiff has filed a motion for sanctions for Defendants' failure to serve their motion for summary judgment (Docket No. 25). Plaintiff asks for Defendants to send him Defendants' motion for summary judgment, Docket No. 20, and for **forty-five (45) days** to respond. The Magistrate Judge has granted Plaintiff's motion. Docket No. 26.

absolute declaration by defendants that no nationalism or racism be propagated at any service." (Docket No. 3-2, p. 2). The TDCJ-CID Chaplaincy Manual effectively prohibits the propagation of racism or nationalism at religious services, and thus provides the relief sought by Plaintiff, and Plaintiff has not explained why he will suffer irreparable harm absent an injunction even though the policy exists.

Furthermore, Plaintiff has not shown a substantial threat of irreparable injury with regard to this claim. He states he has been told "we [blacks] made you white" and that on one occasion, there was a physical altercation in which another prisoner was injured. Neither of these allegations demonstrates a substantial danger of irreparable injury which cannot be redressed through monetary damages.

Plaintiff argues in his objections he has a right to possess religious material just like legal material. This claim likewise fails to show a substantial danger of irreparable injury which cannot be redressed through monetary damages. In addition, Plaintiff has not shown a substantial likelihood of success on this claim. The Fifth Circuit has routinely upheld restrictions on the amount of property which an inmate may possess based upon space considerations. *Long v. Collins*, 917 F.2d 3, 4–5 (5th Cir, 1990); *McIntosh v. Thompson*, Case No. 6:09-cv-444, 2010 U.S. Dist. LEXIS 140825, 2010 WL 5677139 (E.D. Tex. 2010). This objection is without merit.

Plaintiff further asserts in his objections other classes are offered without direct supervision, and he is suffering harm because there is "no opportunity [to] educate the other Muslims on the Qu'ran or propagate the religion of Islam." Docket No. 23 at 2. But Plaintiff does not dispute there are weekly services offered for Muslim prisoners and fails to show a substantial threat of irreparable injury from the fact he may not be able to attend additional religious services. His objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate

Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for a temporary restraining order or preliminary injunction (Docket No. 3) is **DENIED**.

**So ORDERED and SIGNED this 12th day of March, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE